# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JESSIE EARL JAMES,** | ) |
| **Plaintiff,** | ) |
| v. | ) |
| | ) Case No. 13-CV-102-JHP |
| **THOMAS MONTGOMERY** | ) |
| **Defendant.** | ) |

## ORDER

Before the Court is Defendant's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. [Doc. No. 9]. Plaintiff, a *pro se* litigant, filed his Complaint on March 15, 2013, which alleges that Plaintiff was "assaulted" and "put on bad pills." [Doc. No. 1]. On March 18, 2013, Plaintiff filed a supplement to his Complaint, in which Plaintiff complains of the medical care he is receiving and re-alleges the "assault" allegations contained in his Complaint. [Doc. No. 3]. On March 26, 2013, the Court granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. [Doc. No. 4]. On April 15, 2013, Defendant filed the Motion to Dismiss now before the Court. [Doc. No. 9]. On April 30, 2013, the Court directed Plaintiff to respond to Defendant's Motion to Dismiss by May 14, 2013. [Doc. No. 13].

*Pro se* pleadings must be liberally construed. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972). *Pro se* complaints are held to less stringent standards than pleadings drafted by lawyers and must construe them liberally. *Id.* at 520. Nevertheless, the Court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, even *pro se*

plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil Procedure." *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir.1994).

"[F]ederal courts are courts of limited jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Penteco Corp. Ltd. Partnership—1985A v. Union Gas Sys., Inc.,* 929 F.2d 1519, 1521 (10th Cir. 1991). Federal courts "possess only that power authorized by [the] Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). Among the powers that Congress has bestowed upon the courts is the power to hear controversies arising under federal law-federal question jurisdiction-and controversies arising between citizens of different states-diversity jurisdiction. *See* 28 U.S.C. §§ 1331 and 1332.

The Court finds that Plaintiff has failed to establish federal jurisdiction in this matter. Even taking all of the allegations in Plaintiff's Complaint as true, Plaintiff has arguably alleged nothing more than assault and negligence claims arising under Oklahoma law. As such, the Court does not have subject matter jurisdiction over this action. Accordingly, Defendant's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1) is granted.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction is **GRANTED**.

**IT IS SO ORDERED** this 15 day of May, 2013.

James H. Payne
United States District Judge
Eastern District of Oklahoma